**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAURIE LABELLA, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>COMPUTER CREDIT, INC.; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff, LAURIE LABELLA, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney(s), alleges against the above-named Defendants, COMPUTER CREDIT, INC. ("COMPUTER CREDIT"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Westchester County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      COMPUTER CREDIT maintains a location at 470 West Hanes Mill Road, Winston-Salem, North Carolina 27113.

8.      Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New York consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

- All New York consumers who were sent letters and/or notices from COMPUTER CREDIT concerning a debt owned by PHELPS MEMORIAL HOSPITAL ("PHELPS MEMORIAL"), which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.    Whether the Defendants violated various provisions of the FDCPA

including but not limited to:

15 U.S.C. §§ 1692e; 1692e(2)(A);  1692e(10); and 1692f *et seq*.

b.    Whether Plaintiff and the Class have been injured by the

Defendants' conduct;

c.    Whether Plaintiff and the Class have sustained damages and are

entitled to restitution as a result of Defendants' wrongdoing and if

so, what is the proper measure and appropriate statutory formula to

be applied in determining such damages and restitution; and

d.    Whether Plaintiff and the Class are entitled to declaratory and/or

injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

• Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    Sometime prior to November 13, 2017, Plaintiff allegedly incurred a financial obligation to PHELPS MEMORIAL.

16.    The PHELPS MEMORIAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    Plaintiff incurred the PHELPS MEMORIAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18.    Plaintiff did not incur the PHELPS MEMORIAL obligation for business purposes.

19.    The PHELPS MEMORIAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    PHELPS MEMORIAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.    On or before November 13, 2017, PHELPS MEMORIAL referred the PHELPS MEMORIAL obligation to COMPUTER CREDIT for the purpose of collections.

22.    At the time PHELPS MEMORIAL referred the PHELPS MEMORIAL obligation to COMPUTER CREDIT, the obligation was past due.

23.    At the time PHELPS MEMORIAL referred the PHELPS MEMORIAL obligation to COMPUTER CREDIT, the obligation was in default.

24.    Defendant caused to be delivered to Plaintiff a letter dated November 13, 2017, which was addressed to Plaintiff.  **Exhibit A,** which is fully incorporated herein by reference.

25.    The November 13, 2017 letter was sent to Plaintiff in connection with the collection of the PHELPS MEMORIAL obligation.

26.    The November 13, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.    Upon receipt, Plaintiff read the November 13, 2017 letter.

28.    The November 13, 2017 letter provided the following information regarding the PHELPS MEMORIAL obligation:

PAST DUE BALANCE: $25.00

AMOUNT DUE        $25.00

29.    COMPUTER CREDIT did not provide any information regarding the rate of interest, the nature of the other charges, how any such charges would be calculated or what portion of the balance due, if any, reflects already accrued interest, late charges or other charges.

30.     The total balance alleged to be due on the PHELPS MEMORIAL obligation did

not increase since the PHELPS MEMORIAL obligation was charged-off.

31.     PHELPS MEMORIAL never authorized COMPUTER CREDIT to charge or add

interest to the balance of the PHELPS MEMORIAL obligation.

32.     PHELPS MEMORIAL never authorized COMPUTER CREDIT to add interest or

other charges to the balance of the PHELPS MEMORIAL obligation.

33.     Any amount allegedly due on the PHELPS MEMORIAL obligation was actually

$24.53 or less.

34.     Plaintiff received a subsequent letter dated January 9, 2018 from another debt

collector stating that the balance due on the PHELPS MEMORIAL obligation was $24.53.

## POLICIES AND PRACTICES COMPLAINED OF

35.     It is Defendants' policy and practice to send written collection communications, in

the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)     Using false, deceptive or misleading representations or means in
        connection with the collection of a debt;

(b)     Using unfair or unconscionable means to collect or attempt to collect any
        debt; and

(c)     Making a false representation of the character, amount legal status of the
        debt.

36.     On information and belief, Defendants sent written communications in the form

annexed hereto as **Exhibit A**, to at least 50 natural persons in New York within one year of this

Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

37.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39.     Defendant's November 13, 2017 letter would lead the least sophisticated consumer to believe that Defendant was demanding the proper and actual amount due.

40.     Defendant's November 13, 2017 letter would lead the least sophisticated consumer to believe that the obligation included an amount for interest or fees.

41.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about the balance and the amount due on the obligation.

42.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the PHELPS MEMORIAL obligation could increase.

43.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the PHELPS MEMORIAL obligation could increase due to interest or other charges.

44.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the PHELPS MEMORIAL obligation could increase.

45.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the PHELPS MEMORIAL obligation could increase due to interest or other charges.

46.     Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the PHELPS MEMORIAL obligation could increase due to interest or other charges.

47.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

48.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

49.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing the balance due on the obligation.

50.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

51.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

52.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character or amount of the debt.

53.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing or implying that the balance could increase due to interest, late charges or other charges.

54.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

55.    Defendants violated 15 U.S.C. § 1692e(10) by falsely representing the amount of the obligation.

56.    Defendants violated 15 U.S.C. § 1692e(10) by implying that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

57.    Defendants' false representation of the amount of the obligation violated various provisions of the FDCPA including but not limited to:  15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(10); and 1692f *et seq*.

58.    Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

59.    Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by falsely representing the amount of the obligation.

60.    Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

61.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

62.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

63.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

64.    Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

65.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

66.     Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: October 15, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*s/ Joseph K. Jones*

Joseph K. Jones, Esq.

# Exhibit

# A

# Computer Credit, Inc.

**Collection Notice – Aviso de Coleccion**

November 13, 2017

CLAIM DEPT 003353  .  470 West Hanes Mill Road .  Post Office Box 5238 .  Winston-Salem, NC .  27113-5238  .  336-761-1538

047  CTH      5203
Laurie Labella
For: Labella, Laurie

---

## PROVIDER DETAIL / Detalle del Proveedor

**Phelps Memorial Hospital**

Attention: Customer Service Dept.
Telephone: (914) 366-3133
Pay Online: www.phelpshospital.org

Account#          568
Service Date    2017-07-11

**PAST DUE AMOUNT:** > $25.00
**BALANCE ATRASADO:**

**PLEASE SEE IMPORTANT NOTICE ON BACK**
**Por favor vea el aviso importante de atras**

Your delinquent account has been referred to Computer Credit, Inc., a debt collector (referred to in this letter as CCI), in an attempt to collect the past due balance. Any information obtained will be used for that purpose. Your creditor Phelps Memorial Hospital insists on payment. CCI is not aware of any reason for your nonpayment, therefore we expect you to pay the balance due. Computer Credit, Inc. is a debt collector. We are licensed by the New York City Department of Consumer Affairs, License Number 1247311. The Spanish in this letter is a translation of the English. The English in this letter is a translation of the Spanish.

Su cuenta retrasada se ha trasladado a Computer Credit, Inc., una agencia de cobros de deudas, (a la cual se refiere como CCI en esta carta) con la intencion de conseguir el pago de esta cuenta retrasada. Cualquier informacion que se obtenga se usara con este fin. Su acreedor Phelps Memorial Hospital insiste en que se pague esta cuenta. CCI no esta enterado de ninguna razon por la cual usted no ha pagado, asi que esperamos que se pague esta cuenta. Computer Credit, Inc. es una agencia de cobro de deudas. Operamos bajo licencia del Departamento de Asuntos del Consumidor de la Ciudad de Nueva York, Numero de Licencia 1247311. El español en esta carta es una traducción del Inglés. El Inglés en esta carta es una traducción del español.

*C. Jordan*

C. Jordan
Director of Operations

*Phelps Memorial Hospital offers Charity Care or reduced fees to those who are qualified. You may contact the hospital's Financial Counselors at (914) 366-3133 or go to www.phelpshospital.org for more information.*

*El Hospital Phelps Memorial ofrece Cuidado de Caridad o tarifas reducidas aquellos que califiquen. Usted puede comunicarse con los Asesores Financieros del hospital al (914) 366-3133 o ir a www.phelpshospital.org para mas informacion.*

---

For more information
Para mas informacion

www.informationcci.com  USE →

Reference Number
          774
Numero de referencia

---

*Return this portion with your payment*
*Regrese esta parte con su pago*

**PLEASE UPDATE ANY INFORMATION THAT HAS CHANGED**

NAME

ADDRESS

CITY                STATE    ZIP

TELEPHONE #
(          )

WORK TELEPHONE #
(          )

Computer Credit, Inc.
401067774                TH    Z•0013961    5203

| GUARANTOR | Laurie Labella |
|---|---|
| ACCOUNT# | 2568 |
| AMOUNT DUE | $25.00 |

**You may make check payable to:**
**Usted puede hacer el cheque a nombre de:**

Phelps Memorial Hospital
701 North Broadway
Sleepy Hollow, NY 10591-1020